



Search for Cases by:   Select Search Method...

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**     GrantedPublicAccess **Logoff CASEYCCI**

## 1611-CC00882 - BAYWOOD RLTY & CONSTR V MICHAEL'S CARPET ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

[Click here to eFile on Case](#)

**Sort Date Entries:** ◉ Descending   ○ Ascending

**Display Options:** All Entries

**Click here to Respond to Selected Documents**

---

**09/29/2016** ☐ **Motion Granted/Sustained**

MOTION GRANTED ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS. AS PER ORDER TH/mls

    **Filed By:** TED HOUSE

    **Associated Entries:** 09/26/2016 - **Motion for Extension of Time** ⊞

**09/26/2016** ☐ Note to Clerk eFiling

    **Filed By:** RONALD JAY EISENBERG

      ☐ **Motion for Extension of Time**

Plt s Motion for Extension of Time to Serve Summons and Petition

    **Filed By:** RONALD JAY EISENBERG

    **On Behalf Of:** BAYWOOD RLTY & CONSTR CORP.

    **Associated Entries:** 09/29/2016 - **Motion Granted/Sustained** ⊞

      ☐ **Summons Issued-Circuit**

Document ID: 16-SMCC-1649, for REYNOLDS, MICHAEL EDWARD. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

      ☐ **Summons Issued-Circuit**

Document ID: 16-SMCC-1648, for MICHAEL'S CARPET & LINOLEUM INC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. TMV

**09/23/2016** ☐ **Filing Info Sheet eFiling**

    **Filed By:** RONALD JAY EISENBERG

      ☐ Note to Clerk eFiling

    **Filed By:** RONALD JAY EISENBERG

      ☐ **Pet Filed in Circuit Ct**

Class Action Junk-Fax Petition; Ex 1 Junk Fax.

      **On Behalf Of:** BAYWOOD RLTY & CONSTR CORP.

      ☐ **Judge Assigned**

---

EXHIBIT B

Electronically Filed - St Charles Circuit Div - September 26, 2016 - 05:59 PM

**FILED**

**SEP 2 9 2016**

JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.

## IN THE MISSOURI CIRCUIT COURT
## FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

| | | |
|---|---|---|
| BAYWOOD RLTY & CONSTR CORP., | ) ) ) | |
| Plaintiff, | ) ) | No. 1611-CC00882 |
| v. | ) ) | Div. 1 |
| MICHAEL'S CARPET & LINOLEUM INC. d/b/a MICHAELS FLOORING OUTLET, et al., | ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
### DEFENDANTS

Plaintiff Baywood Rlty & Constr Corp., pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendans be extended to 90 days from issuance of the summons on September 26, 2016, in order to allow sufficient time to obtain service on Defendants.

Plaintiff intends to send a Civil Procedure Form 4B Notice, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail. Rule 54.16 grants the recipient 30 days to complete and return the Form 4

The new service deadline would be December 24, 2016.

SO ORDERED THIS _29_ DAY OF _Sept._ , 2016

_Ted House_
_____
Hon. Ted House, Circuit Judge

1

Electronically Filed - St Charles Circuit Div - September 26, 2016 - 05:59 PM

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
    Ronald J. Eisenberg, #48674
    640 Cepi Drive, Suite A
    Chesterfield, MO  63005
    636-537-4645
    Fax:  636-537-2599
    reisenberg@sl-lawyers.com

    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The above-signed certifies that on September 26, 2016, this document was eFiled.

2

Electronically Filed - St Charles Circuit Div - September 26, 2016 - 05:59 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. CHARLES**

| | | |
|---|---|---|
| **BAYWOOD RLTY & CONSTR CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 1611-CC00882 |
| | ) | |
| **v.** | ) | **Div. 1** |
| | ) | |
| **MICHAEL'S CARPET & LINOLEUM INC. d/b/a MICHAELS FLOORING OUTLET, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE
DEFENDANTS**

Plaintiff Baywood Rlty & Constr Corp., pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendans be extended to 90 days from issuance of the summons on September 26, 2016, in order to allow sufficient time to obtain service on Defendants.

Plaintiff intends to send a Civil Procedure Form 4B Notice, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail.  Rule 54.16 grants the recipient 30 days to complete and return the Form 4

The new service deadline would be December 24, 2016.


SO ORDERED THIS _____ DAY OF _____, 2016


_____
Hon. Ted House, Circuit Judge

1

Electronically Filed - St Charles Circuit Div - September 26, 2016 - 05:59 PM

SCHULTZ & ASSOCIATES LLP


By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     640 Cepi Drive, Suite A
     Chesterfield, MO  63005
     636-537-4645
     Fax:  636-537-2599
     reisenberg@sl-lawyers.com

     *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that on September 26, 2016, this document was eFiled.



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>TED HOUSE | Case Number:  1611-CC00882 |
|---|---|
| Plaintiff/Petitioner:<br> BAYWOOD RLTY & CONSTR CORP.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br> MICHAEL'S CARPET & LINOLEUM INC<br>DBA:  MICHAELS FLOORING OUTLET | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Real Estate Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **MICHAEL'S CARPET & LINOLEUM INC**
Alias:
**DBA:  MICHAELS FLOORING OUTLET**

| MIKE REYNOLDS  PRES/REG AGT | MIKE REYNOLDS |
|---|---|
| 116 MAIN STREET | PRESIDENT/REGISTERED AGENT |
| ST PETERS, MO 63376 | 1715 HENKE RD |
| | LAKE SAINT LOUIS, MO  63367 |

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____9/26/2016_____        _____/S/  Judy Zerr_____
Date                                                                      Clerk

*ST. CHARLES COUNTY*        Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
Date                                                                            Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>TED HOUSE | Case Number:  1611-CC00882 |
|---|---|
| Plaintiff/Petitioner:<br> BAYWOOD RLTY & CONSTR CORP.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br> MICHAEL'S CARPET & LINOLEUM INC<br>DBA:  MICHAELS FLOORING OUTLET | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Real Estate Actions | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  **MICHAEL EDWARD REYNOLDS**<br>**Alias:** | |
|---|---|
| **116 MAIN STREET**<br>**ST PETERS, MO 63376** | **1715 HENKE RD**<br>**LAKE SAINT LOUIS, MO  63367** |

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____9/26/2016_____          _____/S/  Judy Zerr_____
Date                                                                  Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                                  Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

| | |
|---|---|
| **BAYWOOD RLTY & CONSTR CORP.,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **JURY TRIAL DEMANDED** |
| | ) |
| **MICHAEL'S CARPET & LINOLEUM INC. d/b/a MICHAELS FLOORING OUTLET,** | ) |
| | ) |
| | ) |
| | ) |
| **Serve:** | ) |
| **Mike Reynolds** | ) |
| **President/Registered Agent** | ) |
| **116 Main St.** | ) |
| **St. Peters, MO 63376** | ) |
| **    or** | ) |
| **Mike Reynolds** | ) |
| **President/Registered Agent** | ) |
| **1715 Henke Rd.** | ) |
| **Lake Saint Louis, MO 63367** | ) |
| | ) |
| **and** | ) |
| | ) |
| **MICHAEL EDWARD REYNOLDS a/k/a MIKE REYNOLDS,** | ) |
| | ) |
| | ) |
| **Serve:** | ) |
| **1715 Henke Rd.** | ) |
| **Lake Saint Louis, MO 63367** | ) |
| **    Or** | ) |
| **116 Main St.** | ) |
| **St. Peters, MO 63376** | ) |
| | ) |
| **Defendants.** | ) |

**CLASS ACTION JUNK-FAX PETITION**

Plaintiff Baywood Rlty & Constr Corp., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendant Michael's Carpet & Linoleum Inc. d/b/a Michaels Flooring Outlet and Defendant Michael

1

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

Edward Reynolds a/k/a Mike Reynolds under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Baywood Rlty & Constr Corp. is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2.  Defendant Michael's Carpet & Linoleum Inc. d/b/a Michaels Flooring Outlet is a Missouri corporation with its principal place of business in St. Charles County.

3.  Defendant Michael Edward Reynolds a/k/a Mike Reynolds is an individual who resides in St. Charles County.

4.  This Court has personal jurisdiction over Defendants.

5.  Venue is proper under Missouri Revised Statutes § 508.010.2.

## THE FAX

6.  On November 5, 2012, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 962-9902 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

7.  Plaintiff received the Fax through Plaintiff's facsimile machine.

8.  On information and belief, the handwritten signature on the Fax is that of Reynolds.

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

9.      The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services, including carpets and tile.

10.     On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

11.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

12.     Defendants had a high degree of involvement in, actual notice of, and/or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

13.     Defendants created, made, and/or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

14.     The Fax, and the other similar or identical facsimile advertisements, sent by and/or on behalf of Defendants, is part of Defendants' work or operations to market Defendants' products, goods, or services.

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

15.    The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

16.    Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A)    The notice is clear and conspicuous and on the first page of the advertisement;

(B)    The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)    The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)    The notice includes—

(1)    A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2)    If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)    The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

17.     Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

18.     Senders of fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

19.     The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

20.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

21.     On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

22.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

23.     Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the

5

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

24.     Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

25.     Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

26.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business and/or personal communications and privacy interests.

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this class action on behalf of the following class of

persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to
> the filing of this action, (1) were sent by or on behalf of Defendants
> a telephone facsimile message of material advertising the
> commercial availability or quality of any property, goods, or
> services, (2) with respect to whom Defendants cannot provide
> evidence of prior express invitation or permission for the sending of
> such faxes, and (3) either (a) with whom Defendants did not have
> an established business relationship, or (b) the fax identified in
> subpart (1) of this definition (i) did not display a clear and
> conspicuous opt-out notice on the first page stating that the
> recipient may make a request to the sender of the advertisement not
> to send any future advertisements to a telephone facsimile machine
> or machines and that failure to comply, within 30 days, with such a
> request meeting the requirements under 47 C.F.R. §
> 64.1200(a)(4)(v) is unlawful, (ii) lacked a telephone number for
> sending the opt-out request, or (iii) lacked a facsimile number for
> sending the opt-out request.

28.    Excluded from the Class are Defendants, their employees, agents,

and members of the judiciary.

29.    This case is appropriate as a class action because:

a.    <u>Numerosity.</u>  On information and belief, based in part on review of

the sophisticated Fax and online research, the Class includes at least 40

persons and is so numerous that joinder of all members is impracticable.

b.    <u>Commonality.</u>   Questions of fact or law common to the Class

predominate over questions affecting only individual Class members, e.g.:

      i.    Whether Defendants engaged in a pattern of sending
           unsolicited fax advertisements;

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

iii.   Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

v.     Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi.    Whether Defendants violated 47 U.S.C. § 227;

vii.   Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

viii.  Whether Defendants violated 47 C.F.R. § 64.1200;

ix.    Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.     Whether the Court should award statutory damages per TCPA violation per fax;

xi.    Whether the Court should award treble damages per TCPA violation per fax; and

xii.   Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.    <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.    <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 40 such cases, and having been

appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.      Superiority.  A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

30.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

31.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

32.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

33.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

34.     "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions."  47 C.F.R. § 64.1200(a)(4)(vii).

35.     Because the TCPA is a strict liability statute, Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

36.     Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

a.     receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.     Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.     Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on  business activities; and

d.     Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

37.     Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

38.     Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

39.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants, jointly and severally, as follows:

    a.    certify this action as a class action and appoint Plaintiff as Class representative;

    b.    appoint the undersigned counsel as Class counsel;

    c.    award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

    d.    award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM

e.      enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.      award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.      award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.      award Plaintiff prejudgment interest and costs; and

i.      grant Plaintiff all other relief deemed just and proper.

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

SCHULTZ & ASSOCIATES LLP

By: _____
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

Case: 4:16-cv-01909-RWS Doc. #: 1-2 Filed: 12/15/16 Page: 20 of 20 PageID #: 198

Electronically Filed - St Charles Circuit Div - September 23, 2016 - 09:54 AM



Michaels Flooring Outlet was formed in 1992 for the purpose of providing our customers with the Highest caliber of commercial and residential products for home or office with the emphasis on professionalism, integrity, knowledge and dedicated personal service.

As a leading full-service commercial and residential floorcovering store located in St. Peters, Missouri, Michael's Flooring Outlet provides a complete array of commercial and residential services to meet our customers varying needs.

Here are a few of the products Michaels Flooring Outlet carries.

Mohawk carpets
Shaw carpets
Amtico
American Olean
Dal-tile
Mannington
Armstrong

Location is 116 Main St. St. Peters, Mo. 63376 Phone# 636-970-6000 Fax # 636-970-6001

**Ex. 1**